IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANNA SIMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-1250-SMY |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Deanna Simpson seeks judicial review of a final decision by the Commissioner of the United States Social Security Administration denying her claim for social security benefits (Doc. 1). Now pending before the Court is Simpson's motion for leave to proceed *in forma pauperis* ("IFP") without prepaying the filing fee (Doc. 3).

28 U.S.C. § 1915 authorizes a federal district court to allow an indigent plaintiff to proceed in a civil action without prepaying the filing fees if the plaintiff submits an affidavit of poverty stating that he or she is unable to afford the fees. 28 U.S.C. § 1915(a)(1). The statute also requires the Court to scrutinize the complaint filed by an indigent plaintiff and dismiss the complaint, if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). While § 1915 generally applies to *pro se* litigants, SDIL Local Rule 3.1(c)(1) contemplates that pauper status may be granted to an applicant who is represented by an attorney, as in this case.

Simpson has submitted the requisite affidavit (Doc. 3) and based on the information contained in the affidavit, the Court finds her to be indigent within the meaning of § 1915(a)(1). Simpson has no income. She is currently unemployed and indicates that her household bills are paid by her landlord. Under these circumstances, the $402.00 filing fee presents a significant hardship and the Court does not find Simpson's allegation of poverty is "untrue." Nor does the Court conclude that the action is frivolous or malicious. Simpson alleges that she timely filed her appeal and that she has exhausted her administrative remedies. Her Complaint does not fail to state a claim upon which relief can be granted, and the named Defendant is not immune from suit for the requested relief. Accordingly, the Court **GRANTS** the motion for pauper status (Doc. 3).

Typically, after granting pauper status, the Court would direct the Clerk's Office to prepare and issue summons for the named Defendant. However, Simpson is represented by counsel: attorney Traci L. Severs of St. Louis, Missouri. Therefore, the Court leaves to Counsel the responsibility of accomplishing service of process. If Ms. Severs believes that 28 U.S.C. § 1915(d) or Federal Rule of Civil Procedure 4(c)(3) requires the United States Marshal to serve process in this case, she should immediately file a motion with the Court.

**IT IS SO ORDERED.**

**DATED: December 17, 2020**

**STACI M. YANDLE**
**United States District Judge**